UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22-cr-238-KKM-SPF
18 U.S.C. § 1951
MARQUES DEANGELO HOWARD,  18 U.S.C. § 924 (c)
18 U.S.C. § 922(g)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date, through at least on or about April 20, 2022, in the Middle District of Florida, and elsewhere, the defendant,

Marques [handwritten correction]
MARQUEZ DEANGELO HOWARD

did conspire and agree with others, both known and unknown to the Grand Jury, to knowingly, in any way and degree, to obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of narcotics, from the person and in the presence of another, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property.

In violation of 18 U.S.C. § 1951(a).

## COUNT TWO

On or about April 20, 2022, in the Middle District of Florida, and elsewhere, the defendant,

Marques [initials]
~~MARQUEZ~~ DEANGELO HOWARD

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property of M.F., located at a residence on Donald Ave in Tampa, Florida, consisting of narcotics, from the person and in the presence of another, against his or her will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his or her person and property.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

## COUNT THREE

On or about April 20, 2022, in the Middle District of Florida, the defendant,

Marques [initials]
~~MARQUEZ~~ DEANGELO HOWARD

did knowingly use and carry and discharge a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Two above; Count Two being incorporated by reference.

2

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT FOUR

On or about April 22, 2022, in the Middle District of Florida, the defendant, Marques ~~MARQUEZ~~ DEANGELO HOWARD, knowing he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Fleeing or Eluding, on or about April 9, 2012, and

2. Fleeing or Eluding, on or about January 22, 2013,

did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a Taurus 9mm pistol and five rounds of 9 mm ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1951, the defendant, Marques ~~MARQUEZ~~ DEANGELO HOWARD, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and pursuant to 18 U.S.C. § 924(d), the defendant shall forfeit to the United States, under 18 U.S.C. § 924(d) and 28

U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense.

3. Upon conviction of a violation of 18 U.S.C. §§ 922(g)(1) and/or 924(c), the defendant,

MARQUEZ DEANGELO HOWARD,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in a knowing violation.

4. The property to be forfeited includes, but is not limited to, a Taurus 9 mm pistol and any and all ammunition seized on about April 2022.

5. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Samantha J. Newman
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

5

FORM OBD-34
June 22

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## MARQUES DEANGELO HOWARD

### INDICTMENT

Violations:  18 U.S.C. § 1951
18 U.S.C. § 924 (c)
18 U.S.C. § 922(g)

A true bill,

▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Foreperson

Filed in open court this 29th day

of June, 2022.

_____
Clerk

Bail $_____

GPO 863 525